APONTE ET AL., PLAINTIFFS AND APPELLANTS, *v.* VERDIALES, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action for the Partition of Community Property, etc.

No. 1389.—Decided July 18, 1916.

COMMON PROPERTY—PARTITION—JURISDICTION—CONFLICT OF RIGHTS.—When it appears from the pleadings and the evidence that three different persons are entitled to the ownership of a single rural property; that the part desired by each of said persons is well known; that their individual interests in the property have never been actually determined or the boundaries thereof fixed, and that two of the said persons are fully agreed that their actual, fixed, and concrete rights should be determined, but have been unable to reach an understanding with the other, the court should decide the conflict thus arisen and not delay final action on the ground that it is impossible to determine precisely the nature or character of the action brought.

The facts are stated in the opinion.
*Messrs. Scoville & Kelley* for the appellants
The appellee did not appear.
MR. JUSTICE DEL TORO delivered the opinion of the court.

Plaintiffs Gertrudis and Francisca Aponte, who are sisters, brought an action entitled an action for division and distribution of an inherited estate, and alleged in the complaint that they are the owners by inheritance of a certain rural property of nine *cuerdas* of land situated in the ward of Florida, Vieques; that one of them, Gertrudis, sold 1.25 *cuerdas* to defendant José Eustaquio Verdiales, to be delivered upon the partition of the property between the plaintiffs; that in 1906 the defendant wrongfully and unlawfully took possession of the whole property except one *cuerda* which was occupied by plaintiff Gertrudis; that the value of the property unlawfully held by the defendant is $700 and the yearly rental value is $10 per *cuerda*; that plaintiff Gertrudis is entitled to 3.25 *cuerdas*, the other plaintiff to

4.50 *cuerdas,* and the defendant to 1.25 *cuerdas.* On these allegations the plaintiffs prayed for judgment that the defendant partition the property and deliver to the plaintiffs their respective shares thereof, together with the profits derived from the property, and the costs, disbursements and attorney fees.

The defendant answered the complaint and denied all and each of its allegations.

The case went to trial and the district court found that the plaintiffs are the heirs of their father, José Manuel Aponte, who died on November 12, 1905; that Aponte was the owner of the property described in the complaint and that the defendant unlawfully took possession of the said property except one *cuerda* which was occupied by plaintiff Gertrudis Aponte.

Notwithstanding these findings, being of the opinion that the action brought by the plaintiffs was apparently based on section 407 of the Civil Code, the court held that it did not lie, saying:

"In order that an action *communi dividundo* may prosper, it is an indispensable requisite that all the parties thereto hold common possession of the undivided estate, and such action cannot be brought when any one of the joint-owners is in exclusive possession of the common property or any part of it.

"And the complaint alleges that Gertrudis Aponte, one of the plaintiffs, is in possession of one *cuerda* of the property in litigation while Eustaquio Verdiales, the defendant, holds eight *cuerdas,* or the greater part of the estate. So that not only are the different joint-owners not in common and undivided possession of the said property, but on the contrary it appears that the defendant acquired 1.25 *cuerdas* thereof under a contract of purchase and sale. It results, therefore, that the defendant is the owner of a specific part of the property, but not of a joint interest, and that one of the plaintiffs, Gertrudis Aponte, is the owner likewise of another specific part of the property, it being demonstrated thus that there is no community of rights."

The judgment was without prejudice to any other action

which the plaintiffs might bring and the present appeal was taken therefrom.

Before going into and deciding the questions involved in this appeal, we desire to state that the evidence examined at the trial showed also that plaintiffs Gertrudis and Francisca Aponte leased to the defendant one *cuerda* and two and one-half *cuerdas* respectively, the lease for the two and one-half *cuerdas* at $15 annually per *cuerda* for a period of eight years having been reduced to writing. Both leases were made after the filing of the complaint dated December 22, 1911. The judgment appealed from was rendered on November 11, 1914.

What is the kind of action really brought in this case? The trial court styles it an action *communi dividundo* or "an action which lies directly by reason of the ownership for each of the owners of the common property against the other joint-owners to compel them to partition and distribute the property by delivering to each owner his corresponding share." *Enciclopedia Jurídica Española*, Vol. I, p. 446.

The appellants agree with the classification of the action by the trial court, but not with the results derived therefrom. "We;" say the appellants on page 6 of their brief, "do not need to sue to recover possession; that is, to bring a generic action of ejectment. We are suing the joint-owner who has no sacred adverse rights for the partition of the common property and, consequently, within the scope of said action, for the delivery of shares in the property, which is a specific revendication created by law."

In our opinion the appellants are not altogether wrong. Although they do not make out a typical case of common ownership of property, it cannot be denied that it is shown that three different persons are entitled to the ownership of a single rural property; that the part claimed by each of those persons is well known; namely, of a total of nine

*cuerdas,* four and one-half belong ·to one, three and one-quarter to another and one and one-quarter to the third; that in point of fact the said interests in the property have never been determined, surveyed, or set apart, and that two of the said persons are fully agreed that the unsettled condition of their individual rights should cease and being unable to reach an agreement with the other, they apply to the court and prove the truth of their allegations.

The conflict is evident. The court has before it all the data necessary for a just decision. It acquired jurisdiction over all the interested parties and, in our opinion, its final action should not be delayed because it cannot classify precisely the action brought by the plaintiffs.

As regards the claim set up in the complaint for the profits received from the property, we will say that it was proved at the trial that one *cuerda* of land of the kind composing the property under consideration in this action produces a rental of $10 to $20 annually. The defendant himself rented two and one-half *cuerdas* from one of the plaintiffs at the rate of $15 per *cuerda* annually. Notwithstanding this, the complaint claims only $10. And it was proved also that from the date alleged in the complaint, or July, 1906, the defendant was in possession of at least eight *cuerdas,* of which six and three-quarter *cuerdas* were wrongfully held by him until the date of the filing of the complaint, or December, 1911. After the complaint was filed, the exact day not being shown, the defendant rented one *cuerda* from plaintiff Gertrudis and two and one-half *cuerdas* from plaintiff Francisca, so that the unlawful possession was reduced to one and one-quarter *cuerdas* as to plaintiff Gertrudis and to two *cuerdas* as to plaintiff Francisca. Reckoning the profits at $10 per *cuerda,* two and one-quarter *cuerdas* during five and one-half years would amount to $123.75 and four and one-half *cuerdas* to $247.50; therefore the defendant would be in-

debted to plaintiff Gertrudis Aponte $123.75 and the profits of one and one-quarter *cuerdas* at the rate of $10 a *cuerda* from January, 1912, until the date of the execution of the judgment; and in like manner to the other plaintiff, Francisca Aponte, the sum of $247.50 and the rental of two *cuerdas* of land computed at $10 yearly per *cuerda* from January, 1912, until the date of the execution of the judgment.

In view of all the foregoing, we are of the opinion that the appeal should be sustained, the judgment appealed from reversed and another entered ordering the defendant to partition, or consent to a partition, as the case may be, of the property of nine *cuerdas* in question, in the following manner: Four and one-half *cuerdas* to Francisca Aponte; three and one-quarter *cuerdas* to Gertrudis Aponte, and one and one-quarter *cuerdas* to the defendant himself, José Eustaquio Verdiales; that he deliver or consent to the delivery, as the case may be, to the plaintiffs of their shares and pay them the amounts stated, together with the costs, disbursements and attorney fees. The parties are allowed ten days within which to make the material partition of the property by mutual agreement, and in case they fail to do so, they shall make application to the district court for the appointment of a partitioner to partition the property in accordance with the provisions of the Civil Code governing common property and the partition of estates, as well as the correlative provisions of the Act relating to special legal proceedings which may be pertinent.

*Reversed and division of property ordered.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.